**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Hernandez GARCIA,**
**Defendant–Appellant.**

No. 95–50607.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 20, 1996.

Decided April 21, 1997.

---

Lisa J. Damiani, McKenna & Cuneo, San Diego, California, for defendant-appellant.

Michael E. Lasater, Assistant United States Attorney, Appellate Section, San Diego, California, for plaintiff-appellee.

Before: KOZINSKI and LEAVY, Circuit Judges, and SCHWARZER, District Judge.*

LEAVY, Circuit Judge:

In this case we must resolve an apparent tension among a Sentencing Guideline provision and two criminal statutes. One statute establishes a minimum period of supervised release that is identical to the maximum term of supervised release set by the other statute. We have jurisdiction under 18 U.S.C. § 3742(a), and we affirm the sentence imposed.

## FACTS AND PRIOR PROCEEDINGS

On November 21, 1990, a federal grand jury returned a one-count indictment charging Jose Hernandez Garcia ("Garcia") with violating 21 U.S.C. § 841(a)(1)[1] by possessing with intent to distribute a kilogram of phencyclidine ("PCP"). Garcia pleaded not guilty and was tried before a jury, which found him guilty on August 1, 1991. On November 28, 1991, the district court sentenced Garcia to a four-year term of imprisonment to be followed by a five-year term of supervised release. Garcia began serving the supervised release portion of his sentence upon discharge from prison on May 3, 1994.

On October 31, 1995, Garcia's probation officer petitioned the district court for revocation of Garcia's supervised release. At the show cause hearing on December 12, 1995, Garcia conceded that he had violated the terms and conditions of his release, but moved to correct his sentence by reducing his period of supervised release from five years to three. Garcia argued in support of his motion that the five-year period originally imposed unlawfully exceeded the three-year statutory maximum set by the general sentencing provision, *viz.*, 18 U.S.C. § 3583(b)(2).[2] Although the district court rejected the government's request for revoca-

---

* The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

1. "[I]t shall be unlawful for any person knowingly or intentionally ... to ... possess with intent to ... distribute ... a controlled substance[.]" 21 U.S.C. § 841(a)(1) (in relevant part).

2. "Except as otherwise provided, the authorized terms of supervised release ... for a Class C ... felony, [are] not more than three years[.]" 18 U.S.C. § 3583(b)(2) (in relevant part).

tion, it also denied Garcia's motion to correct his sentence and added as a condition to his continuing release that he spend eight months in a community center. Garcia has timely appealed.

## ANALYSIS

### Standard of Review

■ The legality of a sentence imposed presents a question of law subject to *de novo* review. *United States v. Carpenter,* 91 F.3d 1282, 1283 (9th Cir.1996) (per curiam). *See also United States v. Zakhor,* 58 F.3d 464, 465 (9th Cir.1995) (issues of law presented in a Rule 35(c) motion are reviewed *de novo* ).[3]

### Discussion

■ Because Garcia was convicted of violating a provision of the Anti–Drug Abuse Act of 1986, *viz.,* 21 U.S.C. § 841(a)(1), he was subject to a maximum term of imprisonment of twenty years, and a *minimum* term of supervised release of three years. *See* 21 U.S.C. § 841(b)(1)(C).[4] As his drug offense carried a maximum term of imprisonment of more than ten, but less than twenty-five years, Garcia's conviction qualified as a so-called Class C felony. *See* 18 U.S.C. § 3559(a)(3).[5] The relevant general sentencing statute sets a *maximum* period of super-

vised release of three years for Class C felons. *See* 18 U.S.C. § 3583(b)(2).

At the time of Garcia's sentencing, however, the applicable Sentencing Guidelines provision required that Garcia be sentenced to "a term of supervised release ... [of] not more than *five years,* or the minimum period required by statute, *whichever is greater.*" U.S.S.G. § 5D1.2(a) (Nov. 1991) (emphasis added). As explained by the Sentencing Commission, "Subsection (a) applies to statutes, such as the Anti–Drug Abuse Act of 1986, that require imposition of a specific minimum term of supervised release." U.S.S.G. § 5D1.2, comment.. (backg'd.) (Nov. 1991). Simply put, Garcia's conviction and sentence under the Anti–Drug Abuse Act of 1986 resulted in his being sentenced to a maximum period of supervised release that was two years greater than what he would have faced had he not been convicted and sentenced thereunder.

This apparent tension between former U.S.S.G. § 5D1.2(a)[6] and 21 U.S.C. § 841(b)(1)(C) on the one hand, and 18 U.S.C. §§ 3559(a) and 3583(b)(2) on the other, has resulted in two divergent lines of authority from those Circuits which have confronted the question. *Compare United States v. Good,* 25 F.3d 218, 221 (4th Cir.

---

**3.** In his Notice of Motion and Motion to Correct Sentence filed with the district court on December 6, 1995, Garcia cited to Rules 35 and 45 of the Federal Rules of Criminal Procedure as authority for the district court to correct (i.e., reduce) his sentence. Rule 35(a) permits a district court to correct a sentence upon remand from an appeal under 18 U.S.C. § 3742. Rule 35(b) allows a district court to correct a sentence for changed circumstances, if the request is made within one year of imposition. Rule 35(c) provides that a district court can *sua sponte* correct an erroneous sentence, but only within seven days of its imposition. None of these facts are present in the instant appeal. Moreover, while Rule 45 allows a district court to enlarge a time period that has otherwise expired, the rule expressly excludes Rule 35 from its coverage. *See* Fed.R.Crim.P. 45(b)(2).

Accordingly, the appropriate vehicle for the relief sought by Garcia is 28 U.S.C. § 2255. That statute provides, in relevant part, that "A prisoner ... claiming the right to be released upon the ground ... that the sentence was in excess of the maximum authorized by law ... may move ... to ... correct the sentence ... at any time." *See also* Rule 2, Rules Governing

Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code ("If the person is presently in custody ... or if not presently in custody may be subject to such custody in the future pursuant to such judgment, the application for relief shall be in the form of a motion to ... correct the sentence.").

**4.** "[A]ny person who violates subsection (a) of this section ... shall be sentenced to a term of imprisonment of not more than 20 years and ... a term of supervised release of at least 3 years in addition to such term of imprisonment[.]" 21 U.S.C. § 841(b)(1)(C) (in relevant part).

**5.** "An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is ... less than twenty-five years but ten or more years, as a Class C felony[.]" 18 U.S.C. § 3559(a)(3).

**6.** The Sentencing Commission amended section 5D1.2(a) in 1995 in an apparent effort to eliminate this tension. *See* discussion in footnote 7, *infra.*

1994) and *United States v. Kelly,* 974 F.2d 22, 24–25 (5th Cir.1992) (both holding that the general sentencing provision of 18 U.S.C. § 3583(b)(2) was controlling) *with United States v. Williams,* 65 F.3d 301, 309 (2d Cir.1995) and *United States v. Orozco–Rodriguez,* 60 F.3d 705, 707–08 (10th Cir.1995) (both holding that the "except as otherwise provided" language of section 3583(b) permits the longer period of supervised release allowed for, but not required by, section 5D1.2(a)).

In *United States v. Eng,* 14 F.3d 165, 172 (2d Cir.), *cert. denied,* 513 U.S. 807, 115 S.Ct. 54, 130 L.Ed.2d 13 (1994), the Second Circuit was confronted with a case nearly on all fours with the instant appeal. Eng was convicted of violating 21 U.S.C. § 841 and faced a supervised release term of "at least 5 years" under section 841(b)(1)(A). Because this statutory minimum term coincided with the five-year maximum term set by 18 U.S.C. § 3583(b)(1), Eng argued that the district court could only have sentenced him to a five-year term of supervised release. In rejecting this position, the Second Circuit reasoned as follows:

> There are three variations of the problem [i.e., of "how to reconcile the supervised release maximums of section 3583(b) with the supervised release terms allowed under section 841(b)"]. The first variation arises where section 841(b) provides a minimum term of supervised release that is *less than* the maximum term of supervised release specified in section 3583(b).... A second category of cases, which includes the instant case, arises where the minimum term specified in section 841(b) is the *same as* the maximum term specified in section 3583(b).... The third category arises where section 841(b) provides a minimum term of supervised release that is *more than* the maximum specified in section 3583(b).
>
> ...
>
> Section 3583(b)'s maximums apply unless other statutes provide otherwise. 18

U.S.C. § 3583(b) ("Except as otherwise provided, the authorized terms of supervised release are...."). Cases in the third category described above clearly fall under the "except as otherwise provided" exception to the general maximum of section 3583(b) because they *require* a supervised release term higher than the maximum allowed by section 3583(b). The question presented is whether the second category also falls under that exception to section 3583(b) requirements. We hold that it does. Eng's reading of this provision would render the "at least" portion of the statute irrelevant. We generally avoid constructions that render portions of a statute superfluous.... More importantly, Eng's construction ignores the fact that the supervised released [sic] terms authorized by Congress for drug offenses, including section 841, were added in the same statute that amended section 3583(b) by adding the introductory phrase "Except as otherwise provided." Act of Oct. 27, 1986, Pub.L. No. 99–570, 1986 U.S.C.C.A.N. (100 Stat.) 3207. It is apparent that in enacting the Narcotics Penalties and Enforcement Act of 1986 (a subtitle under the Anti–Drug Abuse Act of 1986), Congress intended to enhance the penalties available to combat drug offenses. That Congress intended these penalties to override the maximums set by 18 U.S.C. § 3583(b) is clear from the fact that Congress simultaneously amended that section to add the phrase "[e]xcept as otherwise provided." [Citing cases from the Eighth and Second Circuits and from the Northern District of Illinois.]

*United States v. Eng,* 14 F.3d at 172–73 (emphasis in original; some citations omitted).

We find the above reasoning to be highly persuasive and consistent with the underlying rationale for that version of U.S.S.G. § 5D1.2(a) in effect at the time of Garcia's sentencing.[7] Accordingly, we adopt the holding of *Eng* as the law of this Circuit.

---

**7.** We note that the Sentencing Commission revised U.S.S.G. § 5D1.2 in November 1995. That section now provides, "If a term of supervised release is ordered, the length of the term shall be

... not more than three years for a defendant convicted of a Class C ... felony[,] ... *[p]rovided, that* the term of supervised release imposed shall in no event be less than any statutorily required

The decision appealed from is AF-FIRMED.

term of supervised release." The Background Commentary has also been changed to reflect the fact that section 5D1.2 should now be read in a way that is consistent with the general sentencing statutes, *viz.*, 18 U.S.C. §§ 3559(a) and 3583(b): "This section specifies the length of a term of supervised release that is to be imposed. Subsection (b) applies to statutes, such as the Anti–Drug Abuse Act of 1986, that require imposition of a specific minimum term of supervised release." U.S.S.G. § 5D1.2, comment. (backg'd.) (Nov.1995).