139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Paul Lee FABER, Defendant-Appellant.
 No. 97-30165.
D.C. No. CR-93-00029-MFM.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul Lee Faber appeals the district court's order denying his motion to reduce from five years to three years the supervised release term imposed following his 1994 guilty plea to conspiracy to manufacture and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(B) and 846. The district court imposed the supervised release term pursuant to U.S.S .G. § 5D1.2(a), which authorized a maximum supervised release term of five years. Faber asserts that the term should have been imposed pursuant to 18 U.S.C. § 3583 and U.S.S.G. § 5D1.2(b), which permit only a three-year term of supervised release, and that Amendment 529 to the Sentencing Guidelines (1995), under which Faber would have been limited to a three-year supervised release term, should be applied retroactively to his case.
 
 
 3
 Although Faber did not specify the statutory basis for his motion, the appropriate vehicle for the relief sought is 28 U.S.C. § 2255. See United States v. Garcia, 112 F.3d 395, 397 n. 3 (9th Cir.1997). On limited remand, the district court denied Faber a certificate of appealability pursuant to 28 U.S.C. § 2253(c).
 
 
 4
 Because Faber's challenge is foreclosed by our recent decision in Garcia, 112 F.3d at 397-98, we decline to issue a certificate of appealability because Faber has not made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(1) and (2). Accordingly, this appeal is DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3