UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark Anthony TARENCE,
Defendant–Appellant.

No. 98–10522.

D.C. No. CR–F–96–5113–REC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 15, 2001.

1. The panel unanimously finds this case suit-
able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, NOONAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Mark Anthony Tarence (Tarence) appeals the judgment of the district court imposing a sentence of eight years and one month in prison pursuant to his plea of guilty to the charge of maintaining a place for the manufacture of methamphetamine, in violation of 21 U.S.C. § 856. We have jurisdiction under 28 U.S.C. § 1291 and affirm the judgment.

On May 9, 1996, Tarence was indicted on one count of conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On February 9, 1998, Tarence pleaded guilty to a superseding information, which charged him with one count of maintaining a place for the manufacture of methamphetamine, in violation of 21 U.S.C. § 856, and agreed that his base offense level would be calcu-

lated upon the 983.3 grams of actual (pure) d-methamphetamine found at the lab site. The government agreed (1) to dismiss the indictment, (2) to recommend that Tarence's base offense level be calculated upon only the 983.3 grams of actual (pure) d-methamphetamine found at the lab site, (3) not to recommend a two-level increase for possession of firearms, (4) to recommend a three-level reduction for a minor role and a separate three-level reduction for acceptance of responsibility, and (5) to recommend that Tarence be sentenced to the low end of the applicable guideline. The presentence report adhered to the government's recommendations, except the recommendation of a three-level reduction for minor role, and computed the adjusted offense level to be 31 and the criminal history category as III. Tarence objected to the presentence report, requesting that the district court (1) find that he "had no participation" in the manufacturing of methamphetamine and apply § 2D1.8(a)(2), (2) reduce his offense level by three levels for a minor role, and (3) depart downward from criminal history category III because such category over-represented the seriousness of his criminal history.

On May 18, 1998, the district court found that Tarence was a participant in the manufacturing of methamphetamine. The district court determined that the base offense level was 34, pursuant to U.S.S.G. § 2D1.1, and agreed to the government's recommendations of a three-level reduction for a minor role and a three-level reduction for acceptance of responsibility. The district court declined to depart downward from criminal history category III. The district court sentenced Tarence to ninety-seven months in prison, the low end of offense level 28 and criminal history category III.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

On appeal, Tarence argues that the district court erred in three respects in fashioning the sentence. None of the arguments has merit.

First, Tarence argues that the district erred by not applying a base offense level of 16, pursuant to U.S.S.G. § 2D1.8(a)(2), since Tarence's only involvement in the manufacture was the purchase of ice, which was done without knowledge that this act furthered the production of methamphetamine until after the purchase had been made.

■ We review for clear error the district court's factual findings in the sentencing phase. *United States v. Ladum,* 141 F.3d 1328, 1344 (9th Cir.1998). The legality of a sentence imposed presents a question of law subject to de novo review. *United States v. Garcia,* 112 F.3d 395, 397 (9th Cir.1997).

■ The Application Note to § 2D1.8 makes clear that "[s]ubsection (a)(2) does not apply unless the defendant had no participation in the underlying controlled substance offense other than allowing use of the premises. For example, subsection (a)(2) would not apply to . . . a defendant who otherwise assisted in the commission of the underlying . . . offense." Reviewing the undisputed facts in the presentence report, Tarence's own statements in the presentence report, and the facts to which he stipulated in the plea agreement, we conclude that the district court did not commit clear error in finding that Tarence participated in the manufacturing of methamphetamine.

The district court relied upon the following facts in making its finding: The remote lab site where the methamphetamine manufacture took place was a ranch in the Coalinga foothills owned by Tarence's family; Tarence was the only member of his family seen with the other convicted defendants at the lab site; Tarence was observed purchasing 5 to 7 twenty-pound bags of ice necessary to cool the chemical reaction during the meth cook; Tarence did not leave the lab site until after the cook and clean up; Tarence was arrested after leaving the lab site. Additionally, Tarence admitted to the probation officer that co-defendant Jorge Valencia Lopez advised Tarence that Lopez and the other co-defendants were manufacturing meth and that Lopez asked Tarence to act as a mediator among the co-defendants and other ranchers. Tarence admitted that he spent the night at the lab site during the cook and that he did not leave the ranch until the day after the cook, when Lopez told him that he could leave. Finally, Tarence admitted that Lopez agreed to give Tarence a quarter of a pound of meth for his participation. Based upon the district court's factual findings, we conclude that the district court properly applied § 2D1.1, as required by § 2D1.8(a)(1), in calculating the base offense level of Tarence's sentence.

Tarence next contends that the district court failed to reduce the base offense level for his minor role. The district court, however, did in fact make a three-level reduction for Tarence's minor role. (Tarence's mistaken contention here is probably due to a typographical error in the transcript of the sentencing hearing, which states that the district court imposed a sentence of one hundred thirty-five months, a sentence consistent with a base offense level of 31. We direct the district court to correct this typographical error.)

■ Finally, Tarence argues that the district court failed to acknowledge its discretion to depart downward in calculating the criminal history category. A district court's discretionary refusal to depart downward is not reviewable on appeal. *United States v. Tucker,* 133 F.3d 1208, 1214 (9th Cir.1998). Tarence, however,

contends that the district court failed to recognize its authority and therefore we must remand. Although the district court did not explicitly acknowledge the discretionary authority to depart downward, we are satisfied that the district court was well aware of this discretionary authority and chose not to exercise it. At the end of the plea colloquy, after listening to counsel on both sides, the district court stated, "All right. The Court, although it is not the recommendation that the Court would make the recommendation, would accept the position of the U.S. Attorney's Office on the second three level (reduction); but I am satisfied about the overall picture and the entire matter, that there should be no further reduction." We lack authority to review the district court's decision.

The judgment of the district court is AFFIRMED.