**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rafael ZARATE–DIAZ, Defendant— Appellant.**

No. 99–50083.

D.C. No. CR–97–00602–RAP–03.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2001.

Decided June 15, 2001.

Before D.W. NELSON, FERNANDEZ and RYMER, Circuit Judges.

MEMORANDUM *

Rafael Zarate Diaz appeals his sentence on one count of conspiracy to possess with intent to distribute more than 100 grams of methamphetamine and one count of possession with intent to distribute approximately 432 grams of a mixture or sub-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

stance containing a detectable amount of methamphetamine in violation of 18 U.S.C. §§ 841, 846. He also appeals his conviction for one count of knowingly carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We have jurisdiction and we affirm.

Viewing the evidence in the light most favorable to the government, the evidence was sufficient for a rational trier of fact to find that Zarate–Diaz knew that his coconspirator brought a gun to the scene of the drug deal or that it was reasonably foreseeable to Zarate–Diaz that he would do so. *See United States v. Castaneda*, 9 F.3d 761 (9th Cir.1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000). The operation was small and well-coordinated; Zarate–Diaz stood at the wall with Pineda, whose shirt was untucked in a way that looked like he might be armed (as the undercover agent thought); Zarate–Diaz warned Gomez to be careful; and instead of running away, Zarate–Diaz went with Pineda into McDonald's to get rid of the gun.

We review Zarate–Diaz's challenge to his sentence in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for plain error. There is no ground for reversal here. Zarate–Diaz's term of incarceration fell below the lowest statutory maximum for any amount of methamphetamine, *United States v. Scheele*, 231 F.3d 492, 497 n. 2 (9th Cir. 2000), and there was no statutory maximum for the term of supervised release in this case. *United States v. Garcia*, 112 F.3d 395 (9th Cir.1997).

AFFIRMED.