**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Hamid NASSERI, Defendant— Appellant.**

No. 00–50625.

D.C. No. CR–99–00205–ABC–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2001.

Decided Aug. 24, 2001.

Before HALL, MICHEL,* and TROTT, Circuit Judges.

## MEMORANDUM **

Hamid Nasseri was convicted by a jury of importation of cocaine in violation of 21

U.S.C. §§ 952(a) and 960, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). On appeal, Nasseri argues that his conviction and sentence should be reversed for three reasons: 1) the district court erred in denying his motion for judgment of acquittal based on insufficiency of the evidence under Fed. R.Crim.P. 29; 2) the government impermissibly commented at trial on his silence before being given *Miranda* warnings; and 3) the district court erred in determining that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not apply to reduce the defendant's period of supervised release. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the reasons stated below, the conviction and sentence are AFFIRMED.

### A. Sufficiency of the Evidence

[1] Nasseri challenges the sufficiency of the evidence supporting the jury's verdict under Fed.R.Crim.P. 29. Nasseri did not renew his Rule 29 motion at the end of his trial. An unrenewed motion for judgment of acquittal is reviewed "only to prevent a manifest miscarriage of justice, or for plain error." *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1200–01 (9th Cir.2000).

 Mere possession of a large quantity of narcotics can be sufficient evidence to support a jury verdict that the defendant knowingly possessed the narcotics. *See, e.g., United States v. Collins*, 764 F.2d 647, 652 (9 th Cir.1985) (holding that defendant's possession of a shipment containing eight and one-half pounds of cocaine was sufficient to support the jury's

---

* The Honorable Paul R. Michel, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

finding of actual knowledge); *United States v. Walitwarangkul,* 808 F.2d 1352, 1354 (9th Cir.1987) (holding that in addition to circumstantial evidence of guilt, possession of 1386 grams of heroin was sufficient to support a finding that one knowingly possessed the heroin); *United States v. Barbosa,* 906 F.2d 1366, 1368 (9th Cir.1990) (holding that in addition to other circumstantial evidence of guilt, defendant's possession of six and one-half pounds of cocaine was sufficient to infer guilty knowledge). In this case, United States Customs Service inspectors at the Los Angeles International Airport found over 2,006 grams of cocaine hidden in a false lining in the locked suitcase that Nasseri was carrying. The government also submitted considerable other evidence of knowledge. A Customs inspector testified that Nasseri appeared nervous and that his hands began "shaking violently" as soon as the inspector approached him. Nasseri also told the inspector that he had purchased the suitcase and packed it himself. He described its contents to the inspector and knew the combination to open its lock. Based on all of this evidence, we hold a rational jury could have concluded that it was beyond a reasonable doubt that Nasseri had knowledge of the cocaine in his suitcase. *See Walitwarangkul,* 808 F.2d at 1354 (holding that in addition to possessing a substantial quantity of heroin, defendant's knowledge was proven by circumstantial evidence that he had a claim check and key to the suitcase, that he appeared nervous when questioned by Customs inspectors, changed his story several times, and traveled under an assumed name, and clothing inside the suitcase appeared to fit the defendant); *Barbosa,* 906 F.2d at 1368 (defendant's possession of over six pounds of cocaine together with evidence of defendant's nervousness, frequent trips to the United States, and discrepancies in statements were legally sufficient to prove knowl-edge). Therefore, even under *de novo* review the verdict would be sustainable. Under the plain error or manifest injustice test applicable here, the lawfulness of the verdict is all the clearer.

## B. Commenting on Silence

Nasseri argues that the district court erred in allowing the prosecution to comment during its closing argument on testimony of the Customs inspectors about his silence before being given *Miranda* warnings as substantive evidence of guilt, thus violating his Fifth Amendment privilege against self-incrimination. *Cf. United States v. Whitehead,* 200 F.3d 634, 639 (9th Cir.2000) (holding that the use of a defendant's *post-arrest,* pre-*Miranda* silence as substantive evidence of guilt "plainly infringed upon [the] privilege against self-incrimination"). During his closing argument, the prosecutor asserted that Nasseri's reactions proved his guilt, because, in addition to uncontrollably shaking, Nasseri remained silent and burst into tears when the Customs inspector told Nasseri after examining the suitcase with an X-ray machine that he was going to have to cut open its lining.

We must review Nasseri's claim under the plain error standard because he did not properly object, during the trial, to the prosecutor's comments. *Id.* at 638. Under the plain error standard, there must be 1) "error," 2) that is "plain," and 3) that "affect[s] substantial rights." *Id.* "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if 4) the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

■ "Although the existence or non-existence of probable cause might be one factor to consider in determining someone's custodial status [in border crossing

situations] in the twilight zone between detention and custody, what ultimately matters to the determination of whether *Miranda* is triggered is *custody*, which is determined not by the existence of probable cause, but by looking to the 'objective circumstances of the interrogation.'" *United States v. Butler*, 249 F.3d 1094, 1099 (9th Cir.2001) (quoting *Stansbury v. California*, 511 U.S. 318, 323, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994)) (emphasis in original). Factors to consider include: 1) the language used to summon the defendant; 2) the physical surroundings of the interrogation; 3) the extent to which the defendant is confronted with evidence of guilt; and 4) the "pressure" exerted to detain him. *Id.*

■ In this case, given the "objective circumstances of the interrogation," we hold that Nasseri was not yet in custody for purposes of *Miranda* when he was briefly detained at the secondary inspection area. This case is thus distinguishable from *Butler* and *Whitehead.* In *Butler,* the defendant was considered to be in custody only when he was patted down and locked in a holding cell. *Id.* at 1098. Likewise, in *Whitehead,* a narcotics dog alerted the inspectors to the defendants' car at secondary inspection, and the defendants were subsequently escorted to a secondary office and placed in a holding cell. *Whitehead,* 200 F.3d at 636–37. The government conceded that the defendants were in custody both at the time the inspector escorted them to the secondary office and also when the defendants were placed in a holding cell. *Id.* at 636 n. 1. Here, Nasseri's silence occurred after he was questioned by Customs inspectors at the secondary inspection station. This was *before* he was handcuffed and escorted to the search room. The inspectors did not use any language to indicate that the defendant was under arrest, nor did they confront him with evidence of guilt. Nasseri's silence was not in response to any

question; the Customs inspector simply informed him that the lining of his suitcase would be cut. The inspection area was in public view, and the inspectors did not physically restrain him.

Nasseri further argues that even if he was not in custody, the prosecution's comments on his pre-arrest, pre-*Miranda* silence were improper. In *United States v. Oplinger,* 150 F.3d 1061 (9th Cir.1998), we held that the prosecution may comment on a defendant's pre-arrest, pre-*Miranda* silence as substantive evidence of guilt. *Id.* at 1067. Nasseri argues that *Oplinger* does not apply because, there, the defendant was confronted with evidence of embezzlement by bank officials—private citizens, not government investigators. *Oplinger* answered some questions, but then refused to answer any more and ended the meeting. We agree with Nasseri that *Oplinger* does not control, but it does offer clear guidance. In *Oplinger,* we noted that in the pre-arrest, pre-*Miranda* context, "[t]here is no governmental inducement to remain silent and no promise that an individual's silence will not be used against him." *Id.* at 1067 n. 5. Likewise, in this case, there was no governmental inducement for Nasseri to remain silent because he had not yet received any *Miranda* warnings, nor had he otherwise been told that he had the right to remain silent. Moreover, Nasseri's silence was not in response to any governmental questioning, much less custodial questioning. Therefore, it was not improper for the government to comment on Nasseri's pre-arrest, pre-*Miranda* silence. At the very least, it was not plain error not to remedy the comment with a cautionary, though unrequested, jury instruction.

## C. *Apprendi* Issue

■ Nasseri argues that the district court incorrectly held *Apprendi* inapplica-

ble to limit the statutory minimum period of supervised release to three years, the statutory minimum for a conviction based upon an indeterminate quantity of drugs under 21 U.S.C. § 841(b)(1)(C). He contends that under *Apprendi*, the district court improperly sentenced him to a four year statutory minimum term, because the jury did not make a specific finding as to quantity. A minimum quantity of 500 grams of cocaine must be established beyond a reasonable doubt in order to raise the statutory minimum period of supervised release to four years. *See* 841(b)(1)(B). Because Nasseri raised the *Apprendi* issue before the district court at the sentencing hearing, our standard of review is *de novo*. *United States v. Garcia–Guizar*, 234 F.3d 483, 488 (9th Cir. 2000).

Assuming without deciding that the jury failed to find Nasseri responsible for the specific quantity of drugs found in his suitcase, *Apprendi* is nonetheless inapplicable. Nasseri concedes that if he were punished for an indeterminate amount of narcotics under either 21 U.S.C. § 841(b)(1)(C) or 21 U.S.C. § 960(b)(3), he would receive a *minimum* of three years of supervised release. Under the quantity of drugs found by the judge, Nasseri was subject to a statutory *minimum* supervised release term of four years. 21 U.S.C. § 841(b)(1)(B); 21 U.S.C. § 960(b)(2). The statutory *maximum* term of supervised release for drug offenses under Title 21, regardless of quantity, is life. *See United States v. Garcia*, 112 F.3d 395, 398 (9th Cir.1997). The court's drug quantity finding thus increased *only* the applicable statutory *minimum* term of supervised release; it had no affect on the statutory *maximum* term

of supervised release, which, regardless of quantity, would be life.[1] As *Apprendi* applies only where a fact finding subjects the defendant to an increased statutory *maximum* sentence, it has no application here. *See United States v. Garcia–Sanchez*, 238 F.3d 1200, 1201 (9th Cir.2000) (holding that *Apprendi* does not apply when the sentence imposed is below the statutory maximum). Rather, the circumstances of this case fall squarely within the purview of *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). Thus, because *Apprendi* is not applicable, we must affirm Nasseri's sentence of four years of supervised release.

AFFIRMED.

---

1. We note that Nasseri does not argue that the court's drug quantity finding exposed him to a greater statutory maximum term of imprisonment.

