**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Enrique GOMEZ–GONZALEZ,**
**aka Jorge Cholico–Gomez,**
**Defendant–Appellant.**

No. 01–10366.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2001

Filed Jan. 15, 2002

Daniel P. Blank, Assistant Federal Public Defender, San Francisco, California, for the defendant-appellant.

J. Douglas Wilson and Laurie Gray, Assistant United States Attorneys, San Francisco, California, for the plaintiff-appellee.

Before: BEEZER, TROTT and TALLMAN, Circuit Judges.

BEEZER, Circuit Judge:

This is an appeal of incarceration imposed for violating a special condition of supervised release. Appellant is Enrique Gomez–Gonzalez, a.k.a. Jorge Cholico–Gomez ("Cholico")[1], a Mexican citizen. Cholico was originally sentenced to two years incarceration and one year supervised release. The district court revoked Cholico's supervised release and imposed six months incarceration after finding by a preponderance of the evidence that Cholico violated a condition of release. *See* 18 U.S.C. § 3583(e)(3). Cholico argues that § 3583(e)(3) violates the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the statute does not permit the question whether Cholico violated the terms of his supervised release to be submitted to a jury and proved beyond a reasonable doubt. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

I

In 1996, a grand jury indicted Cholico on one count of illegal reentry after deportation following the commission of an aggravated felony. This crime is punishable by up to 20 years imprisonment. 8 U.S.C. § 1326(b). Cholico pleaded guilty to simple illegal reentry after deportation, punishable by up to 24 months imprisonment. *Id.* at § 1326(a). Based on this plea, the United States District Court for the Northern District of California sentenced Cholico to the maximum term of 24 months imprisonment under § 1326(a) and one year supervised release under 18 U.S.C. § 3583.[2] The supervised release

---

1. Cholico is the name used by Appellant's counsel in appellate briefs and district court hearings.

2. Section 3583 permits a trial court to include a term of supervised release as part of the sentence for certain felonies or misdemeanors. 18 U.S.C. § 3583(a). The maximum term of supervised release is determined by the class of the underlying felony or misdemeanor. *Id.* at § 3583(b); *see also* 18 U.S.C. § 3559 (2000) (classifying felonies and misdemeanors). As part of the supervised release, the trial court must impose certain mandatory conditions, including the condition that the defendant not commit another crime. *Id.* at

order included the special condition that Cholico not attempt to reenter the United States during his term of supervised release.

Upon release from prison, Cholico was deported from the United States. During his year of supervised release, he was apprehended attempting to illegally reenter the United States. He was convicted of illegal reentry in violation of § 1326(b) and sentenced to 30 months incarceration by the United States District Court for the Southern District of California. The United States Probation Office for the Northern District of California filed a petition alleging Cholico had also violated the special condition of his supervised release by attempting to reenter the United States. After Cholico had served his sentence for the Southern District conviction, he was returned to the Northern District on the violation petition.

At the violation petition hearing, Cholico raised an as-applied constitutional challenge to his incarceration under § 3583. The district court rejected Cholico's argument. Based on Cholico's admission of attempted reentry, the district court revoked Cholico's supervised release for violation of the special condition and sentenced him to six months imprisonment.

## II

■ We review de novo the constitutionality of a federal criminal statute.

§ 3583(d). The court also has the discretion to impose special conditions upon the release. *Id.* If the court finds by a preponderance of the evidence that the defendant violated a condition of his or her supervised release, the court may revoke supervised release and incarcerate the defendant for up to the full term of supervised release. *Id.* at § 3583(e)(3).

3. Subsections (a) and (b) of § 1326 are now considered a single offense punishable by up to twenty years incarceration. *Almendarez-*

*United States v. Jones,* 231 F.3d 508, 513 (9th Cir.2000).

## III

Cholico argues that *Apprendi* supports his constitutional challenge to § 3583. *Apprendi* requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Cholico served the two year maximum term of incarceration under § 1326(a).[3] He contends that to incarcerate him for any additional time for violating his supervised release would increase the penalty for his crime beyond the statutory maximum. Cholico argues that *Apprendi* requires that the question whether he violated his supervised release be submitted to a jury and proven beyond a reasonable doubt. Because § 3583(e)(3) does not authorize jury submission, he claims the section is unconstitutional as applied to him. We disagree.

The Supreme Court has outlined the minimum procedural safeguards required at parole and probation revocation hearings. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole revocation); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (probation revocation).

*Torres v. United States,* 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Cholico pleaded guilty to § 1326(a) when it was considered a separate offense from § 1326(b) and was punishable by up to two years incarceration. *See United States v. Gonzalez–Medina,* 976 F.2d 570, 572 (9th Cir.1992). To avoid difficult questions of retroactivity and informed criminal pleading, we assume without deciding that Cholico's guilty plea subjected him to a maximum term of two years incarceration under § 1326(a).

In *Morrissey,* the Court holds that the question whether a parolee violated the terms of his parole need not be submitted to a jury and proved beyond a reasonable doubt. 408 U.S. at 483–90, 92 S.Ct. 2593. The Court explains that "revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Id.* at 480, 92 S.Ct. 2593. Fewer safeguards are due at parole revocation because of the conditional nature of the parolee's liberty interest: "Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Id.*

We confirmed that the *Morrissey* due process requirements also apply to revocations of supervised release in *United States v. Sesma–Hernandez,* 253 F.3d 403, 405, 407 (9th Cir.) (en banc) (holding that district court's oral statement of violation findings on the record is sufficient to satisfy *Morrissey* requirement that findings be written), *cert. denied,* —— U.S. ——, 122 S.Ct. 408, 151 L.Ed.2d 310 (2001). Like parole and probation, fewer constitutional safeguards are needed to protect the conditional liberty interest during supervised release. Although some procedural safeguards must accompany revocation of supervised release, those safeguards do not include proof to a jury beyond a reasonable doubt. *See Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) ("Although such violations [of supervised release conditions] often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt."); *cf. United States v. Soto–Olivas,* 44 F.3d 788, 791–92 (9th Cir.1995) (holding that Double Jeopardy clause does not protect defen-

dant from subsequent prosecution for same conduct for which his supervised release was revoked).

■ Cholico challenges our application of *Morrissey*'s procedural safeguards to supervised release revocation. He contends that, unlike parole and probation, revocation of supervised release results in incarceration *beyond* the underlying statutory maximum incarceration. For this reason, Cholico argues, supervised release revocation must be accompanied by *Apprendi*'s procedural guarantees. We disagree.

Any punishment for violating supervised release is considered *part of* the statutory maximum punishment. *Johnson,* 529 U.S. at 700, 120 S.Ct. 1795 (holding that revocation of supervised release is "part of the penalty for the initial offense"); *Soto–Olivas,* 44 F.3d at 792 ("[R]evocation of supervised release is ... 'part of the whole matrix of punishment which arises out of a defendant's original crime[],' of which the defendant has already been convicted after a trial subject to the full panoply of constitutional guarantees." (quoting *United States v. Paskow,* 11 F.3d 873, 881 (9th Cir.1993))). Conviction subjects the defendant not only to incarceration under the underlying substantive statute, but also to the possibility of further incarceration under § 3583. *Apprendi* applies at prosecution and sentencing to ensure that any term of supervised release is based upon facts submitted to the jury and proven beyond a reasonable doubt. *See United States v. Barnes,* 251 F.3d 251, 261 (1st Cir.) (holding that where jury's verdict authorized maximum of three years supervised release, district court's imposition of five years supervised release violated *Apprendi*), *cert. denied,* —— U.S. ——, 122 S.Ct. 379, 151 L.Ed.2d 289 (2001).

*Apprendi* clarifies the process due when a factual finding would increase the maxi-

mum penalty to which a criminal defendant is exposed. It cannot be invoked to provide safeguards not required by the Constitution. Cholico's liberty interest during supervised release was adequately protected by the full due process guarantees afforded at trial, when the possibility of a sentence of supervised release threatened to deprive him of that liberty interest. Although Cholico is constitutionally entitled to some procedural safeguards to protect his conditional liberty interest during supervised release, *see Morrissey,* 408 U.S. at 488–89, 92 S.Ct. 2593, those safeguards do not require that the question whether he violated the terms of his release be proved to a jury beyond a reasonable doubt. The preponderance standard of § 3583(e)(3) does not violate Cholico's constitutional rights.

AFFIRMED.