**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Ray RUTLEDGE, Defendant–**
**Appellant.**

**No. 01–50302.**
**D.C. No. CR–94–00227–GT.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 29, 2002.

Before FERNANDEZ, WARDLAW and FLETCHER, Circuit Judges.

MEMORANDUM **

James Ray Rutledge appeals his sentence of twelve months imprisonment and forty-eight months of supervised release, imposed upon revocation of his original term of supervised release. Rutledge originally pleaded guilty to importing marijuana, in violation of 12 U.S.C. §§ 952, 960 and 18 U.S.C. § 2, and was sentenced to twenty-seven months imprisonment and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

five years of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo the legality of a sentence, *see United States v. Garcia*, 112 F.3d 395, 397 (9th Cir.1997), and we affirm.

Rutledge argues that his original five-year term of supervised release exceeded the maximum term prescribed by 18 U.S.C. § 3583(b) and, accordingly, the district court had no jurisdiction to impose either the original or an additional term of supervised release. We are unpersuaded. *See id.* at 398 (recognizing that supervised release terms authorized by 21 U.S.C. § 841 trump maximums set forth in § 3583(b)).

Rutledge also challenges the constitutionality of 18 U.S.C. § 3583(e)(3) in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the statute does not require that his violation of supervised release be proven beyond a reasonable doubt. This contention is foreclosed by *United States v. Gomez–Gonzalez*, 277 F.3d 1108, 1111 (9th Cir.2002) (explaining that any punishment for violating supervised release is considered part of statutory maximum punishment for initial offense, for which defendant has already been convicted after trial subject to full panoply of constitutional guarantees).

AFFIRMED.