**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andria Renee FULLER, Defendant–**
**Appellant.**

**No. 01–50510.**
**D.C. No. CR–98–02299–K.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

## MEMORANDUM **

Andria Renee Fuller appeals her six-month prison sentence, imposed upon rev-

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

ocation of supervised release following her guilty plea to the underlying conviction of embezzlement of government funds, in violation of 18 U.S.C. § 641. We have jurisdiction under 28 U.S.C. § 1291. We dismiss this appeal as moot because Fuller has completed serving her entire sentence, and thus lacks standing to raise any challenge to it. *See United States v. Palomba,* 182 F.3d 1121, 1123 (9th Cir.1999) (citing *Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)).[1]

**DISMISSED.**

1. Moreover, Fuller's challenge to the constitutionality of 18 U.S.C. § 3583(e)(3) in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is foreclosed by *United States v. Gomez–Gonzalez,* 277 F.3d 1108, 1111 (9th Cir.2002) (explaining that any punishment for violating supervised release is considered part of statutory maximum punishment for initial offense, of

which defendant has already been convicted after trial subject to full panoply of constitutional guarantees).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.