**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50211 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00713-DSF-42 |
| v. | |
| JAMES HERMOSILLO, AKA Bones, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 21, 2015[**]
Pasadena, California

Before: TROTT, KLEINFELD, and CALLAHAN, Circuit Judges.

James Hermosillo ("Hermosillo") pleaded guilty to Count One of an

indictment charging him with involvement in a conspiracy to distribute and possess

with intent to distribute a controlled substance, a violation of 21 U.S.C. §§ 846 and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

841(a)(1), a Class B felony. On appeal, he challenges the 15-year term of supervised release imposed by the district court, contending that the term exceeds the statutory maximum. We have jurisdiction under 18 U.S.C. § 3472(a) and 28 U.S.C. § 1291, and we affirm.

Although Hermosillo executed a written plea agreement waiving his right to appeal his sentence, including any term of supervised release, he waived that right only to the extent that the term falls within the statutory maximum. Because Hermosillo claims that the imposed term exceeds the maximum authorized by statute, he is not precluded from bringing this appeal.[1]

Hermosillo objects to the imposition of a 15-year term of supervised release, asserting that 18 U.S.C. § 3583(b) operates to set a five-year ceiling under 21 U.S.C. § 841(b)(1)(B) since § 841(b)(1)(B)'s own terms do not specify a maximum term. Because he alleges this error for the first time on appeal, we review it for plain error. *United States v. Daniels*, 760 F.3d 920, 922 (9th Cir. 2014).

Section 3583(b), the general sentencing statute, authorizes a maximum five-year term of supervised release for a Class A or Class B felony, "[e]xcept as otherwise provided." 18 U.S.C. § 3583(b)(1). Section 841(b)(1)(B)(viii), the

---

[1] In any event, "[a]n appeal waiver will not apply if . . . the sentence violates the law." *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009) (quoting *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)).

penalty provision under which Hermosillo was sentenced, penalizes specific drug offenses and provides in relevant part: "Notwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall . . . include a term of supervised release of at least 4 years . . . ." The statute does not specify a maximum term of supervised release, implying that a life term is permissible.

In an analogous context in *United States v. Garcia,* 112 F.3d 395 (9th Cir. 1997), we analyzed the relationship between § 3583(b) and 21 U.S.C. § 841(b)(1)(C). We held that § 841(b)(1)(C)'s specific supervised release term, as expressed by the U.S. Sentencing Guidelines ("Sentencing Guidelines"), trumped § 3583(b)'s general maximum of three years. We applied § 841's term because the statute satisfied the "except as otherwise provided" exception of § 3583(b). *Garcia*, 112 F.3d at 398. Later, in *United States v. Barragan*, 263 F.3d 919, 925–26 (9th Cir. 2001), and *United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003), we held that a maximum life term of supervised release was permissible under § 841(b)(1)(C), which sets a minimum term but no maximum term. *Garcia*, *Barragan*, and *Ross* compel the conclusion that, like § 841(b)(1)(C), § 841(b)(1)(B) authorizes a maximum life term of supervised release that overrides the shorter maximum terms authorized by § 3583(b).

3

Hermosillo further argues that *United States v. Booker*, 543 U.S. 220 (2005), rendering advisory the once mandatory Sentencing Guidelines, undercuts *Garcia* and its progeny.  We have considered the argument and conclude that *Booker* has no effect on our reasoning in these cases.

Because the district court did not plainly err in sentencing Hermosillo to 15 years of supervised release, the sentence is **AFFIRMED**.