**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10395 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-01030-RCC-BPV-4 |
| v. | |
| JOSEPH RYAN ECHEVARRIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief  District Judge, Presiding

Submitted August 9, 2016[**]
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and LYNN,[***] Chief District
Judge.

This case presents a challenge to the term of supervised release imposed by

the district court in its judgment revoking an original term of supervised release.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Barbara M. G. Lynn, United States Chief District
Judge for the Northern District of Texas, sitting by designation.

We review *de novo* the district court's interpretation of federal sentencing statutes. See United States v. Suarez, 682 F.3d 1214, 1218 (9th Cir. 2012).

Defendant pleaded guilty to an information charging him with conspiracy to possess with intent to distribute marijuana, a Class C felony, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846. The district court sentenced him to two years in prison, followed by thirty-six months of supervised release. Defendant was later found to have committed an act of disorderly conduct during the term of his supervised release. The district court revoked Defendant's supervised release and ordered him to serve a ten-month term of imprisonment, to be followed by a new thirty-six-month term of supervised release.

Defendant argues that the district court violated 18 U.S.C. § 3583(h) when it did not reduce the term of his subsequent supervised release by the ten-month term of imprisonment the court had imposed for the violation of his initial supervised release. The government responds that the statute that determines the applicable sentence is 21 U.S.C. § 841(b)(1)(C), which the district court properly applied when it sentenced Defendant for the supervised release violation.

Title 18 U.S.C. § 3583(h) governs the imposition of an additional term of supervised release following the revocation of supervised release. This statute provides, in pertinent part, that "[t]he length of such a term of supervised release

2

shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). Section 3583(b), the general sentencing statute, authorizes a maximum three-year term of supervised release for Class C felonies, such as Defendant's underlying drug offense, "[e]xcept as otherwise provided." *Id.* § 3583(b)(2).

Title 21 U.S.C. § 841(b) authorizes lengthier terms of imprisonment and supervised release as punishment for drug offenses. Section 841(b)(1)(C) specifically provides that, "[n]otwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of *at least* 3 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(C) (emphasis added). In United States v. Garcia, 112 F.3d 395, 398 (9th Cir. 1997), we held that § 841(b)(1)(C)'s three-year minimum supervised release term trumps § 3583(b)'s three year maximum. We have further specifically held that § 841(b)(1)(C) authorizes a maximum life term of supervised release, overriding the shorter term authorized by § 3583(b). See United States v. Ross, 338 F.3d 1054, 1057 (9th Cir. 2003) (per curiam); United States v. Barragan, 263 F.3d 919, 925-26 (9th Cir. 2001).

Defendant contends that a court may not impose a post-revocation term of supervised release that would result in an aggregate term of imprisonment plus supervised release that would exceed the original term of supervised release. He relies on several cases decided under § 3583(e), which provided authority, prior to the enactment of § 3583(h) in September 1994, for a court revoking supervised release to impose imprisonment and then a subsequent term of supervised release. Because Defendant's offense of conviction occurred after September 1994, however, it is § 3583(h) that controls. Section 3583(h) does not cap the length of a post-revocation term of supervised release based on the original term of supervised release. Rather, the plain text of the statute provides that the length of an additional term of supervised release is determined by reference to "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." 18 U.S.C. § 3583(h). Here, the term of supervised release authorized for the offense of conviction was "at least 3 years." 21 U.S.C. § 841(b)(1)(C).

**AFFIRMED.**