**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas Raymond ROSS, Defendant–Appellant.**

**No. 01–10277.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2002.

Filed Aug. 11, 2003.

---

Donald S. Frick, Sacramento, CA, argued for the defendant-appellant.

Kenneth J. Melikian, Assistant United States Attorney, Sacramento, CA, argued for the plaintiff-appellee.

Before: SCHROEDER, Chief Judge, B. FLETCHER, and KOZINSKI, Circuit Judges.

PER CURIAM:

1. A federal jury convicted Thomas Raymond Ross of three drug crimes. Four months later, Ross learned that his lawyer, Malik Ali Muhammad, had been suspended from practice by the California state bar shortly before the start of Ross's trial,[1] and had never been admitted to

---

1. Muhammad was placed on disciplinary suspension by the California state bar on December 19, 1999. Ross's trial began on February 8, 2000, and he was convicted on February 14, 2000. Muhammad has since been disbarred.

practice in the federal district court where Ross was convicted. Ross argues that his Sixth Amendment right to assistance of counsel includes the right to a lawyer who is an active member of the bar at the start of trial, and thus—no matter how well or poorly Muhammad actually performed— Ross's rights were violated.

█ Although we've never addressed the precise situation where a lawyer was disbarred *before* trial, we have held that a lawyer suspended or disbarred *during* trial is not per se ineffective. *See United States v. Mouzin*, 785 F.2d 682 (9th Cir. 1986); *United States v. Hoffman*, 733 F.2d 596 (9th Cir.1984). We reasoned that "[a]dmission to the bar allows us to assume that counsel has the training, knowledge, and ability to represent a client who has chosen him." *Mouzin*, 785 F.2d at 698. To prove ineffective assistance, defendants in these cases (like everyone else) had to identify "actual errors and omissions by counsel that a conscientious advocate would not have made," and show that they suffered prejudice from those errors. *Id.* at 696.

That Ross's lawyer was suspended *before* trial, rather than during it, is a distinction without a difference. *Hoffman* and *Mouzin* both held that, so long as the lawyer had been admitted to practice at one point in time, his bar status at trial was not dispositive of the ineffective assistance issue: the one-time admission was enough to overcome a claim of status-based per se ineffective assistance. The timing of the state's sanction has no bearing on this rationale.

█ Nor is there any reason to focus on the lawyer's status at the start of trial; the Sixth Amendment applies at each stage of the proceedings, not just at the beginning. *See, e.g., Geders v. United States*, 425 U.S. 80, 88–89, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). If a suspended or disbarred lawyer is per se ineffective at the start, then that lawyer must be per se ineffective throughout the trial—the same right to counsel, defined in the same way and requiring the same qualifications, applies at each stage. If Ross were right, the defendants in *Hoffman* and *Mouzin* wouldn't have received effective assistance for the parts of their trials after counsel was sanctioned. We held to the contrary.

It is true that counsel's disbarment or suspension may raise doubts about his competence. But these doubts would arise whether the disbarment or suspension occurred during trial or before it. In any case, as we observed in *Hoffman* and *Mouzin*, the actual effects of any such doubts are appropriately addressed under the same rubric generally applicable to claims of ineffective assistance of counsel: the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), actual deficient performance plus prejudice. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

It makes no difference that Ross's lawyer hadn't been admitted to practice in federal district court. Admission to that bar is based on state bar membership, not an independent evaluation of competency. " 'It is inconceivable that the failure to take this purely formal step caused any prejudice to appellant.' " *Derringer v. United States*, 441 F.2d 1140, 1141 (8th Cir.1971) (per curiam) (quoting *United States v. Bradford*, 238 F.2d 395, 397 (2d Cir.1956)).

█ The Sixth Amendment right to counsel exists "not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." *United States v. Cronic*, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). It follows that "defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation." *Mickens v. Taylor*, 535 U.S. 162, 122 S.Ct.

1237, 1240, 152 L.Ed.2d 291 (2002). If counsel, who once passed the bar but was suspended before trial, still performed adequately, the process is not made fairer by awarding defendant a windfall even if he can't identify a single thing a licensed attorney would have done differently. *Cf. id.* at 1244.

Here, we cannot say that Muhammad's suspension and subsequent disbarment render the verdict inherently unreliable. Ross may nonetheless be able to show that Muhammad was, in fact, ineffective—an issue we leave for collateral review.[2] But the interests animating the Sixth Amendment will not be disserved by requiring him to make that showing.

■■■ 2. Because Ross failed to move for a judgment of acquittal during the trial, we review his sufficiency-of-the-evidence claim for plain error. *See United States v. Kuball*, 976 F.2d 529, 531 (9th Cir.1992). We find none: Ross was paid large sums of money for delivering a drug that he knew would be used to manufacture methamphetamine. A rational juror could conclude that he had entered into the charged conspiracy.

Ross claims counsel erred by failing to move for an acquittal during trial. Although we review for plain error, Ross's claim fails under any standard of review because there was sufficient evidence to sustain the government's case. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (finding sufficient evidence where, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). Coun-

sel doesn't err by failing to make an obviously losing motion; indeed, Muhammad may not have made the motion precisely because he thought (correctly) that it would fail.

3. Ross's motion for a new trial was untimely. He didn't bring the motion within seven days of the verdict—a jurisdictional requirement, *see United States v. Endicott*, 869 F.2d 452, 457 (9th Cir. 1989)—and evidence of ineffective assistance doesn't fit within the exception for newly discovered evidence, *see United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir.1994).

4. Ross's claim that the length of the term of his supervised release is unlawful lacks merit. *"Except as otherwise provided,* the authorized terms of supervised release are ... not more than three years." 18 U.S.C. § 3583(b)(2) (emphasis added). Ross's five-year term falls well below 21 U.S.C. § 841(b)(1)(C)'s statutorily prescribed maximum (life). *See United States v. Barragan*, 263 F.3d 919, 925–26 (9th Cir.2001); *United States v. Garcia*, 112 F.3d 395, 398 (9th Cir.1997).

■■ 5. The district court did mistakenly instruct the jury that Ross had been charged with a conspiracy to distribute, rather than manufacture, methamphetamine. The district court immediately corrected the written instructions to be sent to the jury room and offered to bring back the jury to read them the corrected instructions. Ross declined this offer, finding the written instructions sufficient. Even if Ross didn't thereby waive the error, *see United States v. Perez*, 116 F.3d 840, 845 (9th Cir.1997) (en banc), we can't

---

2. *See United States v. Adelzo–Gonzalez*, 268 F.3d 772, 776 n. 1 (9th Cir.2001) ("[Claims of ineffective assistance of counsel] normally should be raised in habeas corpus proceedings, which permit counsel to develop a record as to what counsel did, why it was done,

and what, if any, prejudice resulted." (internal quotation marks omitted)). Ross's per se claim is appropriate for direct review because it's a pure question of law and the record— Muhammad's bar status—needs no further development. *See id.*

say that it " 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings,' " *id.* at 846 (quoting *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

**AFFIRMED.**