Stephen G. CRAWFORD, Petitioner—
Appellant,

v.

Robert O. LAMPERT, Respondent—
Appellee.

No. 02–35632.

United States Court of Appeals,
Ninth Circuit.

---

Submitted May 3, 2004.*

Decided May 12, 2004.

Noel Grefenson, Esq., Storkel & Grefenson, P.C., Attorneys at Law, Salem, OR, for Petitioner–Appellant.

Timothy A. Sylwester, Esq., Office of the Oregon Attorney General's Salem, OR, for Respondent–Appellee.

Before: REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Oregon prisoner Stephen Crawford appeals a judgment of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. To obtain federal habeas relief, Crawford must demonstrate that the state court's denial of his habeas claims was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). We review de novo a district court's decision to deny federal habeas relief, *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.2003), and we affirm.

Because the parties are familiar with the facts, we recite them only as necessary for this decision. Crawford contends he received ineffective assistance of counsel because, during trial, his defense attorney, Howard Binns: (i) was disbarred for misconduct in an unrelated civil proceeding, and (ii) failed to call three witnesses who would have provided favorable testimony

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

on Crawford's behalf. The district court concluded that the state habeas court's decision to deny Crawford's state habeas petition was not contrary to, and did not involve an unreasonable application of, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Under *Strickland,* in order to prevail on his ineffective assistance claims, Crawford must show that Binns's performance fell below an objectively reasonable standard and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. 2052.

■ As to the disbarment claim, Crawford acknowledges that Binns's disbarment, by itself, does not establish a claim of ineffective assistance of counsel. We agree. *See, e.g., United States v. Ross,* 338 F.3d 1054, 1056 (9th Cir.2003) ("[A] lawyer suspended or disbarred *during* trial is not per se ineffective.... To prove ineffective assistance, defendants in these cases (like everyone else) [must] identify 'actual errors and omissions by counsel that a conscientious advocate would not have made,' and show that they suffered prejudice from those errors."), *cert. denied,* —— U.S. ——, 124 S.Ct. 1187, 157 L.Ed.2d 1218 (2004). Crawford identifies no specific deficiencies in Binns's performance that resulted from the disbarment. Moreover, the trial judge gave Crawford the choice of continuing with Binns or receiving new counsel, and a new trial, immediately after learning about the disbarment. After receiving a full explanation of his options, Crawford chose to proceed with Binns as his counsel. Additionally, Crawford offers no basis to conclude that the disbarment preju-

diced his defense. We conclude that the state habeas court did not unreasonably apply *Strickland* in denying the claim that Binns's disbarment rendered ineffective his representation of Crawford.

■ As to the claim alleging Binns's failure to call three potential witnesses, the evidence Crawford proffered in support of this claim—a three-page affidavit submitted by Douglas Spencer and two one-page letters submitted by Stephen Kelly and Kelly Cox—provided little or no information concerning what these individuals would have said if they had testified at trial. Neither Kelly nor Cox provided any detail concerning their potential testimony. To the extent Spencer stated how he would have testified, our independent review of the record reveals that his testimony would have been duplicative of evidence that was admitted at trial. Under these circumstances, we believe that the state habeas court correctly determined that Crawford failed to show what specific testimony these individuals would have provided in support of his defense and failed to establish a reasonable probability that, had they testified, the outcome of his trial would have been different. We conclude that the state habeas court did not unreasonably apply *Strickland* in denying the claim that Binns rendered ineffective assistance when he failed to call Douglas Spencer, Stephen Kelly, and Kelly Cox, as witnesses at Crawford's trial.[1]

AFFIRMED.

---

1. In his opening brief, Crawford also argues that Binns failed to adequately prepare his expert witness, Dr. Peter Okultich. Crawford did not, however, raise an ineffective assis-

tance claim concerning Dr. Okulitch in his federal habeas petition or in his memorandum in support of that petition. Because he failed to raise this claim below, it is waived. *See Poland v. Stewart*, 169 F.3d 573, 576 n. 4 (9th Cir.), *cert. denied*, 528 U.S. 845, 120 S.Ct. 117, 145 L.Ed.2d 99 (1999).

