**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomason WILSON, Defendant–
Appellant.**

No. 05–10701.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Feb. 22, 2007.

Vincent Q. Kirby, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

Philip E. Hantel, Esq., Phoenix, AZ, for Defendant-Appellant.

Before: WALLACE and THOMAS, Circuit Judges, and EZRA,* District Judge.

### MEMORANDUM **

Wilson appeals from his conviction for second degree murder under 18 U.S.C. § 1111 and use of a firearm in a crime of violence under 18 U.S.C. §§ 1153 and 924(c)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

▮ Wilson argues that the district judge "erred in allowing the second degree murder charge to go to the jury" because "the [g]overnment failed to prove . . . malice aforethought," an element of second degree murder. When a defendant fails to move for acquittal during trial, review is limited to plain error. *United States v. Ross,* 338 F.3d 1054, 1057 (9th Cir.2003). At trial, Wilson challenged the sufficiency of the evidence as to premeditation, an element of first degree murder, and renewed the same challenge at the close of all the evidence. He did not, however, challenge the sufficiency of the evidence with respect to malice aforethought prior to this appeal. Thus, we review for plain error. *Cf. Ross,* 338 F.3d at 1057.

▮ Wilson argues that his motion for acquittal should have been granted because the government "offered no proof that [Wilson] acted with malice aforethought." We have stated that "[m]alice aforethought may be inferred from circumstances. . . ." *United States v. Lesina,* 833 F.2d 156, 159 (9th Cir.1987) (internal quotation marks omitted). Further, "[i]t is

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

clear that malice aforethought may be inferred from evidence of use of a deadly weapon." *United States v. Washington,* 819 F.2d 221, 226 (9th Cir.1987). The record reflects that Wilson deliberately invaded the victim's home to "take matters into [his] own hands"; that Wilson hit the victim; that the victim ran away; that Wilson grabbed a rifle; and that Wilson fired multiple shots in the direction of the fleeing victim and killed him. Under the circumstances, there was no plain error.

Wilson next argues that the district judge's jury instructions failed to distinguish adequately between the quantum of recklessness necessary for the jury to infer malice aforethought, an element of second degree murder, versus the recklessness needed to prove involuntary manslaughter. When there is no objection to the jury instructions at the time of trial, we review for plain error. *See Jones v. United States* 527 U.S. 373, 387–88, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999).

At trial, Wilson failed to object with sufficient specificity to the quantum of recklessness necessary under second degree murder versus involuntary manslaughter. *Cf.* Fed. R.Crim. Proc. 30(d) ("A party who objects to ... [jury] instructions ... must inform the court of the *specific* objection and the grounds") (emphasis added). Although he raised an objection relating the amount of recklessness, he raised it only with respect to the distinction between second degree murder and *voluntary,* and not involuntary, manslaughter. Accordingly, the district judge interpreted Wilson's objection as referring to voluntary, and not involuntary manslaughter. *Cf. United States v. Kessi,* 868 F.2d 1097, 1101–02 (9th Cir.1989) (applying a previous version of Rule 30). Since Wilson did not properly raise the issue at trial, we review for plain error.

The district judge instructed that malice aforethought included killing "recklessly, *with extreme disregard* for human life," whereas involuntary manslaughter included acting with "reckless disregard for human life which might produce death." In *Lesina,* we held that the district judge erred where the instructions "[made] it appear as though there is no difference between the severity of second degree murder and manslaughter...." 833 F.2d at 158. In contrast, here, the trial court distinguished between mere recklessness and recklessness with extreme disregard for human life. There was no plain error.

Finally, Lewis contends that the cumulative errors in his case affected the underlying fairness of his trial. Since there were no errors, this argument is rejected.

**AFFIRMED.**