MEMORANDUM *
Krister Sven Evertson appeals his conviction and sentence on one count of violating the Hazardous Materials Transportation Uniform Safety Act (“HMTUSA”), 49 U.S.C. § 5124, and two counts of violating the Resource Conservation and Recovery Act (“RCRA”), 42 U.S.C. § 6928(d)(2)(A). After a jury trial, Evertson was found guilty, sentenced to concurrent terms of twenty-one months’ imprisonment on each count, and ordered to pay $421,049.00 in restitution. We affirm the convictions but vacate the sentence insofar as it ordered restitution as part of the sentence and not solely as a condition of supervised release.
The district court properly instructed the jury on the “willfulness” requirement of the HMTUSA offense. Willfulness does not require actual knowledge of the specific regulations violated. Bryan v. United States, 524 U.S. 184, 191, 118 *511 S.Ct. 1939, 141 L.Ed.2d 197 (1998). Rather, it requires only knowledge that the conduct was unlawful. Id.
Because willfulness requires only knowledge that the conduct is unlawful, the indictment contained a surplus mens rea allegation that is not an element of the charged offense. See United States v. Pang, 362 F.3d 1187, 1193-94 (9th Cir.2004). “The failure to include in the instructions surplusage from the [indictment] was not error, because only the ‘essential elements’ of the charge need be proven at trial.” See id. at 1194 (citing United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir.1986)). The “variance” between the indictment and final jury instructions did not materially alter the indictment or the facts that had to be proven at trial. Further, Evertson has not shown any prejudice resulting from the variance. United States v. Hartz, 458 F.3d 1011, 1020 (9th Cir.2006).
The district court did not err in instructing the jury as to the RCRA offenses. The jury instructions were consistent with the elements in 42 U.S.C. § 6928(d). The instruction required the jury to find that Evertson knowingly stored materials that he knew to be (1) hazardous and (2) waste. The term “knowingly” modified both “hazardous” and “waste” in the instruction, and therefore “the mens rea requirement of knowledge extend[ed] to each element of the offense.” See United States v. Heuer, 4 F.3d 723, 731 (9th Cir.1993) (applying the same construction to the similarly worded RCRA statute). While the district court might have provided an alternative formulation that separated the instruction into its constituent parts, the failure to do so was not plain error. United States v. Perez, 989 F.2d 1111, 1115 (9th Cir.1993) (neither the prosecution nor the defendant is entitled to any particular language requested in a proposed jury instruction) (citing United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1991)).
The instruction requiring the jury to determine whether the “hazardous waste” was identified as a hazardous waste by EPA did not mislead the jury or take the issue from them. In addition to proving that Evertson stored a hazardous waste, the jury was required to find that the material was also identified or listed as such by the EPA regulations. See 42 U.S.C. § 6928(d). The instruction was also given with others that required the jury to find that Evertson knowingly stored waste that was hazardous. The instruction is also nearly identical to the instructions this court upheld in United States v. Hoflin, 880 F.2d 1033 (9th Cir.1989). Viewing the instructions as a whole, the instruction was not misleading or inadequate to guide the jury’s deliberations, see id. at 1039, but in any event the instruction was not plainly erroneous.
The district court did not err in refusing to give Evertson’s proposed instructions defining “virgin material” and “intermediate processing stream.” This case did not involve “virgin materials,” and the definition of “intermediate process stream” is not relevant to whether the “sludge” was discarded under RCRA. Regarding the requested “beneficial reuse” instruction, the monetary value of the materials “does not affect the analysis of whether materials are ‘solid waste’ under RCRA.” Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1043 n. 8 (9th Cir.2004). The materials in this case were neither “destined for immediate reuse in another phase ... of an ongoing production process” nor “destined for reuse as part of a continuous industrial *512 process.” [1] They were stored for over two years and might have been stored indefinitely had the EPA not intervened. Because the requested instructions were not factually relevant, the district court did not abuse its discretion in refusing to give them. See United States v. Hairston, 64 F.3d 491, 493 (9th Cir.1995) (instruction refused for lack of factual foundation reviewed for abuse of discretion).
Assuming that there was no error in transcription, the district court’s omission of the word “before” while reading the instructions to the jury was harmless and not plain error. The jury received the instructions in written form and read the instructions along with the district judge. The written instructions that were provided to the jury contained the full instruction, and during closing arguments, both the government and Evertson highlighted and restated the correct instruction. Further, the jury was told to follow the written instructions given by the court and the jury had the proper instructions with it in the jury room during deliberation. Finally, there is no indication in the record that the variance between the written and oral instruction confused the jury and any error did not “seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings.” See United States v. Ross, 338 F.3d 1054, 1058 (9th Cir.2003) (internal quotation marks omitted).
Reading the instructions as a whole, they were not misleading or inadequate to guide the jury’s deliberation. See Hoflin, 880 F.2d at 1039.
Viewing the evidence in the light most favorable to the prosecution, there is sufficient evidence to support the RCRA convictions beyond a reasonable doubt. See United States v. Fiorillo, 186 F.3d 1136, 1154 (9th Cir.1999). The evidence shows that Evertson’s process was untested and failed after one year of effort. Evertson admitted to his sister that the process “didn’t work.” He also told the FBI that his process was unsuccessful. After Evertson’s efforts failed and he ran out of capital, he arranged and paid to store the materials for one year, but he left the materials for over two years (before the EPA intervened) without making any additional arrangements. Evertson also left bad contact information with the storage facility when he left Idaho. Viewing this evidence in the light most favorable to the prosecution, a rational jury could have found that Evertson (1) knowingly stored the materials in lieu of disposing of them and (2) abandoned them outright after the storage rental period ended.
Evertson incorrectly asserts that the RCRA violation requires a showing that he intended to dispose of the materials. While intent to dispose of materials can be sufficient evidence to show that materials are discarded (and thus waste), we have never held that intent to dispose is required. See Fiorillo, 186 F.3d at 1154 (holding that a waste generator’s intent to dispose of materials was sufficient to show that the materials were discarded). Disposal (or intent to dispose) can trigger criminal liability, but liability is also triggered when material is stored (without a permit) before or in lieu of disposal. See 40 C.F.R. § 261.2(b); 42 U.S.C. § 6928(d).
*513 Evertson has failed to show a “reasonable likelihood” that the jury based its verdict on any misstatements made by the prosecutor during the rebuttal argument. See Brown v. Payton, 544 U.S. 133, 143-44, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005). Read in context, the prosecutor’s statements did not likely mislead the jury or materially impact the verdict. See Boyde v. California, 494 U.S. 370, 385, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990) (“[Arguments of counsel ... must be judged in the context in which they are made.”). In any event, after the defense objection, the court emphasized that the government had to prove the existence of “waste” and directed the jury to “review all of the Court’s instructions,” including the definition of hazardous waste and solid waste. When the final instructions were given to the jury, the court reiterated that (1) the lawyer’s arguments and statements were not evidence, and (2) the jury was to disregard anything the lawyers said that differed from the court’s instructions.
There is also support in the record for the prosecutor’s statement, “they admitted this stuff is waste.” Although Evertson denied that the material was waste, his own notebooks and statements made by his business partner provided an evidentiary basis for the prosecutor’s statement. United States v. Sayetsitty, 107 F.3d 1405, 1409 (9th Cir.1997) (prosecutor is allowed during closing argument to argue “reasonable inferences from the evidence presented at trial”).
Although the district court had authority to order restitution as a condition of Evertson’s supervised release, see 18 U.S.C. §§ 3583(d) & 3563(b), it was plain error to order restitution as part of the sentence, see United States v. Elias, 269 F.3d 1003, 1021-22 (9th Cir.2001) (vacating the sentence for imposing restitution for a RCRA offense). At the time of the offenses, neither 18 U.S.C. § 3663(a) or § 3663A(c)(l)(A) authorized the imposition of restitution as part of the sentence for the violations at issue here. See United States v. DeSalvo, 41 F.3d 505, 511 (9th Cir.1994) (“Federal courts do not have the inherent power to order restitution.”) (citing United States v. Hicks, 997 F.2d 594, 600 (9th Cir.1993)). Absent such authority, the district court erred in imposing $421,049 in restitution “due immediately” and payable during Evertson’s period of incarceration. We therefore vacate the sentence with regard to the order of restitution and remand for entry of an amended sentence consistent with this disposition.
AFFIRMED in part and VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Evertson cites American Mining Congress v. EPA, 824 F.2d 1177, 1185, 1193 (D.C.Cir.1987) (holding that "in-process secondary materials" that are "destined for immediate reuse in another phase of [an] industry’s ongoing production process,” are not discarded under RCRA) and Association of Battery Recyclers, Inc. v. EPA, 208 F.3d 1047, 1056 (D.C.Cir.2000) (holding that secondary materials are not solid waste if they are "destined for reuse as part of a continuous industrial process”).