MEMORANDUM *
Defendant Rudy Ramirez appeals the district court’s decision imposing a 22-month term of imprisonment following a second revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
We express no opinion on the merits of the parties’ arguments about the interplay among 21 U.S.C. § 960(b)(4), 18 U.S.C. § 3583(b) and 18 U.S.C. § 3583(e)(3). We decline to consider the government’s arguments here, because they are at odds with the representations it made to induce Ramirez’s guilty plea.
The government is plainly estopped from advancing its belated argument, raised for the first time on appeal, that Ramirez could have received a lifetime term of supervision under 21 U.S.C. § 960(b)(4). See United States v. Gamboa-Cardenas, 508 F.3d 491, 502-04 (9th Cir.2007) (invoking equitable estoppel to prevent government from arguing 18 U.S.C. § 3553(f) safety valve did not apply to defendant, when defendant waived right to testify at trial because he believed government’s representation that safety valve would apply). Ramirez waived his constitutional right to trial by jury based, in part, on the government’s explicit promises in the plea bargain that he would receive “no more than three years” of supervised release and that his failure to comply with the conditions of supervision would result in a term of imprisonment no greater than the specified amount.
Likewise, the government’s secondary argument that 18 U.S.C. § 3583 does not establish an aggregate cap on either revocation sentences or on terms of supervised release imposed following revocation of supervised release is incompatible with its representation in the plea bargain, confirmed by the magistrate judge at the plea colloquy, that Ramirez’s revocation imprisonment would not exceed three years. Cf. Johnson v. Lumpkin, 769 F.2d 630, 633 (9th Cir.1985) (“As a general rule, fundamental fairness requires that promises made during plea-bargaining and analogous contexts be respected.”) (citing, inter alia, Santobello v. New York, 404 U.S. 257, 262-63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)). Ramirez understandably believed he would receive no more than three years of supervised release and would serve no more than three years in prison for violating his supervised release conditions and would not have pled guilty had he known the government would later argue he was, in fact, subject to a potentially unlimited cycle of 24-month revocation terms.
In any event, we decline to decide, as a matter of first impression, whether 18 U.S.C. § 3583 establishes an aggregate *665 cap on revocation imprisonment, when the 42-month aggregate term the district court imposed may not exceed “the term of supervised release authorized by statute” for convictions under 21 U.S.C. § 960(b)(4). The government’s conduct has muddied the waters on that question, so we resolve this case by holding the government to its promise: Ramirez can serve no more than three years imprisonment for supervised release violations. See Santobello, 404 U.S. at 262, 92 S.Ct. 495 (“[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.”). The district court shall reduce Ramirez’s sentence on this second revocation from 22 months to 16 months.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.