**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO ANTONIO CORONA-CONTRERAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73794 <br><br> Agency No. A089-854-130 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Marco Antonio Corona-Contreras, a native and citizen of Mexico, petitions

for review of an order of the Board of Immigration Appeals ("BIA") dismissing his

motion to remand based on a claim of ineffective assistance of counsel. We have

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008), and review de novo due process claims based on ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion by denying Corona-Contreras's motion to remand for failure to show prejudice, where he did not present any evidence that the actions of his former attorney might have affected either his ability to demonstrate eligibility for cancellation of removal before the immigration judge or the viability of his appeal to the BIA. *See id.* at 793-94 ("[P]rejudice results when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." (citation and internal quotation marks omitted)); *see also United States v. Ross*, 338 F.3d 1054, 1056 (9th Cir. 2003) (per curiam) (holding that a disbarred attorney is not per se ineffective).

In light of this disposition, we decline to address Corona-Contreras's contention that his former attorney's performance was ineffective. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

**PETITION FOR REVIEW DENIED.**

10-73794