**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50132 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:16-cr-07131-LAB-1<br>3:16-cr-07131-LAB |
| BRIAN COTA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 8, 2022**
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Brian Cota appeals the sentence imposed upon his second revocation of

supervised release. The district court sentenced Cota to twenty-four months'

imprisonment and three years' supervised release. We have jurisdiction under 28

U.S.C. § 1291. We remand so that the district court can make the written judgment

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

consistent with the oral pronouncement of Cota's sentence. We otherwise affirm.

1. Cota argues that the district court erred in imposing a term of imprisonment that, when aggregated with a term of imprisonment imposed after a prior revocation of supervised release, exceeds three years. We disagree. The maximum term of imprisonment that Cota could serve following revocation was two years. 18 U.S.C. § 3583(e)(3); *see also id.* § 3559(a)(3). District courts need not "reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior revocation imprisonment terms." *United States v. Knight*, 580 F.3d 933, 937 (9th Cir. 2009). And nothing represented in the change of plea hearing or the plea agreement suggests that, contrary to Ninth Circuit law, the district court was required to reduce the maximum term of post-revocation imprisonment by the aggregate length of the custodial term Cota had served following a prior revocation of supervised release.

2. We reject Cota's argument that the district court erred by imposing a three-year term of supervised release. The three-year term of supervision is lawful under 18 U.S.C. § 3583(h) because the maximum term of supervised release authorized by statute for the offense that resulted in Cota's original term of supervision is life. *See United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003) (per curiam); *United States v. Barragan*, 263 F.3d 919, 925 (9th Cir. 2001) (explaining that "the supervised release terms authorized by 21 U.S.C. § 841 trump

the maximums set forth in § 3583(b)(2)" for offenses involving controlled substances). Cota resists this result by arguing that the "instant term of supervised release creates a serious problem under Federal Rule of Criminal Procedure 11" because, according to Cota, the magistrate judge's plea colloquy did not advise him that he could be sentenced to a life term of supervision. We express no view on the merits of Cota's Rule 11 challenge because this appeal "is not the proper avenue for a collateral attack on the underlying conviction." *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987); *see also United States v. Castro-Verdugo*, 750 F.3d 1065, 1068–71 (9th Cir. 2014); *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir. 1993).

We also disagree with Cota that our decision in *United States v. Ramirez*, 324 F. App'x 663 (9th Cir. 2009), precluded the district court from imposing a three-year term of supervision. *Ramirez* is not binding authority. And even if it were, *Ramirez* is distinguishable because Cota's sentence is not at odds with any representations that the government made in the course of securing his guilty plea. *See id.* at 664.

3. Cota argues that the district court erred by not explaining the sentence it imposed and by failing to respond to his mitigation arguments. He also contends that the district court erred by not responding to the written brief he submitted after sentencing. We disagree. The record reflects that the district court correctly

3

calculated the Guidelines range, considered the factors in 18 U.S.C. § 3553(a), and adequately explained the outside-Guidelines range sentence it selected. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court sufficiently considered and rejected Cota's mitigation arguments. And the reason Cota's written brief did not persuade the district court is inferable from the record. *Id.* at 992 (explaining an "adequate explanation" may "be inferred from . . . the record as a whole").

4.     Cota next maintains that his sentence is substantively unreasonable because it is "greater than necessary to sanction [him] for breaching the court's trust." The district court did not abuse its discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Cota's sentence is substantively reasonable under the § 3553(a) factors and totality of the circumstances. *Id.*; *Carty*, 520 F.3d at 993. Cota argues that his sentence violates due process. But Cota's due process argument is really a collateral attack on the voluntariness of his guilty plea. We therefore do not reach the argument's merits. *See, e.g.*, *Gerace*, 997 F.2d at 1295; *Simmons*, 812 F.2d at 563.

5.     The parties agree that remand is warranted because there are discrepancies between the sentence the district court orally imposed and the written judgment that followed. We agree and conclude that Conditions 5, 7, and 10 in the written judgment conflict with the district court's oral pronouncement (we disagree

4

with Cota that Conditions 6 and 13 encounter the same problem).  We therefore "remand so that the district court can make the written judgment consistent with the oral pronouncement."  *United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) (citation omitted).

**AFFIRMED in part; REMANDED to correct the judgment**.