**NOT FOR PUBLICATION**

**FILED**

OCT 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-30138 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00117-BLW-3 |
| v. | |
| SEAN ROBERT WATHEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted October 16, 2023
Portland, Oregon

Before:  KOH and SUNG, Circuit Judges, and EZRA,[**] District Judge.

Sean Wathen appeals his conviction and sentence for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Sufficient evidence supports Wathen's conviction.  Where a defendant

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

moves for a judgment of acquittal during trial and renews the motion at the close of trial, we consider the evidence on appeal "in the light most favorable to the prosecution" and determine whether it is "adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (alterations in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Wathen did not move for a judgment of acquittal during trial, and so his challenge is reviewed for plain error. *United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2008) (per curiam). Still, "the distinction is largely academic, given that . . . we must give great deference to the jury verdict" under either standard of review. *United States v. Pelisamen*, 641 F.3d 399, 408–09 & n.6 (9th Cir. 2011).

Four coconspirators directly implicated Wathen in the conspiracy. Gohl testified that Wathen purchased large quantities of methamphetamine. Delewese and Carlson testified that Wathen gave them methamphetamine to smuggle to the South Pacific, and Carlson added that Wathen had indicated that coconspirator Hillbroom was financing Wathen's methamphetamine purchases. Finally, Duncan testified that Wathen proposed that she help smuggle methamphetamine to the South Pacific and introduced her to Hillbroom. Wathen contends that these witnesses were all lying or mistaken. Having observed the testimony firsthand, however, a rational jury could find their testimony credible and sufficient to

2

establish the essential elements of the crime.

2.    The district court did not violate Wathen's Sixth Amendment right to a fair trial when it declined to halt the jury's deliberations due to potential safety concerns raised by a juror. Wathen contends that the district court's investigation into the juror's concerns was insufficiently thorough. Wathen did not object to the court's response below, though, so we review his objection now for plain error. *United States v. Ramirez*, 537 F.3d 1075, 1081 (9th Cir. 2008).

The district court did not err. When the court received evidence that jurors were discussing an incident in which a person believed to be affiliated with Wathen may have been filming the jurors outside the courthouse, the court questioned each juror individually and received assurances from each juror that the incident would not affect their deliberations in any way. This course of action was prudent. *See United States v. Sarkisian*, 197 F.3d 966, 982 (9th Cir. 1999) ("[I]ndividually questioning the jurors to make sure that they could proceed impartially" dispelled any potential prejudice). Later, when the court received a handwritten note from a juror seeking clarification about that same incident, the court, with the agreement of the parties, permissibly concluded that a response (1) stating that there was no reason for any juror to be concerned about their personal safety, and (2) inviting any juror to express concerns directly to the court, would suffice. The court was not required to question each juror individually, a second

3

time, particularly where no party requested it.

3.    The district court did not abuse its discretion in permitting the United States to present undisclosed rebuttal testimony.  A district court's evidentiary rulings are reviewed for an abuse of discretion and will be reversed only if "manifestly erroneous."  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141–42 (1997) (citation omitted).  In support of this contention, Wathen asserts only that the prosecution is required to disclose expert testimony "during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C)." Fed. R. Crim. P. 16(a)(1)(G)(i).  Rule 16(b)(1)(C), however, refers to a defendant's own obligation to disclose expert testimony.  The rule did not require the United States to disclose rebuttal testimony whose sole purpose was to contradict Wathen's own trial testimony.

4.    Because Wathen has failed to demonstrate an instance of error, he cannot show that his trial suffered from cumulative errors.  *United States v. Spangler*, 810 F.3d 702, 711–12 (9th Cir. 2016).

5.    The district court did not err in calculating Wathen's sentencing range.  We review the court's factual findings for clear error and its application of the Sentencing Guidelines to those facts for an abuse of discretion.  *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021).

    *a.*    The district court did not clearly err in concluding that Wathen

4

was responsible for between 500 grams and 1.5 kilograms of methamphetamine. Although a court must "err on the side of caution" in calculating drug quantity, *United States v. Mancuso*, 718 F.3d 780, 797 (9th Cir. 2013) (citation omitted), trial testimony established that (at a bare minimum) Wathen purchased three pounds of methamphetamine over two occasions, or roughly 1.35 kilograms. The district court permissibly concluded that this methamphetamine was attributable to the conspiracy, *see* U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.3(a)(1)(B), and so it does not matter if Wathen did not personally smuggle any methamphetamine to the South Pacific.

b.      Nor did the district court clearly err in concluding that Wathen was an organizer, leader, manager, or supervisor of the conspiracy. U.S.S.G § 3B1.1(c). The evidence at trial supports the conclusion that Wathen procured drugs for the conspiracy and recruited one or more members of the conspiracy. Either can justify a role enhancement. *See, e.g.*, *United States v. Doe*, 778 F.3d 814, 824–26 (9th Cir. 2015) (collecting cases applying enhancement both to defendants who "organize[ed] others in the commission of the criminal activity" and to defendants who coordinated the procurement of drugs).

c.      Although a closer call, the district court did not clearly err in concluding that Wathen possessed a dangerous weapon in connection with the offense. U.S.S.G. § 2D1.1(b)(1). Gohl testified that Wathen sold or gave Garcia

5

(Gohl's methamphetamine supplier) one or two guns during a methamphetamine transaction. Delewese added that, during the same transaction, she heard the transaction participants discussing a gun (but did not see the transaction or a gun). Wathen did not cross-examine either witness on this point, did not deny possessing a gun when he took the stand, and did not present at trial or at sentencing any argument other than that Gohl was a liar whom Wathen had never met.

We stress that it would have been prudent for the district court to inquire further and make specific findings, at sentencing, to clarify that Wathen himself actually possessed the gun. *See United States v. Briggs*, 623 F.3d 724, 731 (9th Cir. 2010) ("[T]he plain language of § 2D1.1(b)(1) requires possession of a weapon."). Gohl's testimony was no model of clarity. However, we cannot say, given our deferential standard of review, that the district court, which presided over the entire six-day trial, clearly erred in crediting this unchallenged testimony. *See* 18 U.S.C. § 3742(e) ("The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses"); *United States v. Baker*, 58 F.4th 1109, 1126 (9th Cir. 2023) ("[T]he district court did not commit clear error in choosing between permissible views of the evidence" to apply a two-level enhancement).

  *d.* Lastly, the district court did not clearly err in concluding that Wathen obstructed or attempted to obstruct the administration of justice. U.S.S.G.

§ 3C1.1.  Obstructive conduct includes "producing or attempting to produce a false, altered, or counterfeit document or record" at trial.  *Id.* cmt. n.4(C) (2021).  The district court found that Wathen had introduced a forged invoice to explain away a suspicious payment from Hillbroom.  Wathen does not present any argument on appeal that the invoice was authentic, and the district court did not clearly err in rejecting Wathen's contention at sentencing that the invoice somehow could have been printed and purchased before the design for the invoice was ever approved.

6.     Wathen's final contention, that his sentence was substantively unreasonable, is also meritless.  Wathen does not contend that the district court failed to consider any of the sentencing factors under 18 U.S.C. § 3553(a).  Nor does he explain how his sentence, which included a fifty month downward variance from the Guidelines range, was so much greater than necessary as to make his sentence unreasonable.  *See United States v. Bendtzen*, 542 F.3d 722, 729 (9th Cir. 2008) ("Because a Guidelines sentence will usually be reasonable, [defendant's] below-Guidelines sentence, supported by the district court's specific reasoning, is reasonable.") (cleaned up).

**AFFIRMED.**